UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HMBI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-24 TS |
| | ) | |
| JOHN M. SCHWARTZ, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, HMBI, markets and manages single family residences for the United States Department of Housing and Urban Developing (HUD). The Plaintiff had a contract with HUD to sell an apartment building HUD owned. For that purpose, the Plaintiff hired the Defendant, John M. Schwartz, to appraise the building. The Plaintiff alleges that the Defendant negligently estimated that the property was worth only a quarter of its actual value. Relying upon that estimate, the Plaintiff sold the building at a cost significantly below the true market value.

After discovering the discrepancy, the Plaintiff sued the Defendant and several other parties to recover its losses. However, these other parties have settled the Plaintiff's claims against them and have been dismissed; Schwartz is the only remaining defendant in this case. On August 21, 2006, the Plaintiff amended its Complaint to allege that it was HUD's subrogee.

The Defendant moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), arguing that the Plaintiff is not a real party in interest. The Plaintiff counters by insisting that it is HUD's subrogee and, therefore, the proper party to pursue the case.

The Defendant also moved for a hearing on its motion. The Court finds that such a hearing is unnecessary, and that the motion can be properly decided upon the merits of the parties' briefs.

**A.     Standard for Evaluating a Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996). Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [her] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir.1999); Fed. R. Civ. P. 8(a). However, a plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support her claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767–68 (7th Cir. 1984); *Sutliff, Inc. v. Donavan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984). The complaint must allege facts that sufficiently set forth the essential elements of a cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992);

*see also Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988) (holding that the federal rules require that a complaint allege facts that, if proven, would provide an adequate basis for each claim). The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

**B.	Alleged Facts**

The Plaintiff, HMBI, markets and manages HUD's single family residences. As part of its services, HMBI retains real estate appraisers to determine the value of properties to be sold. HMBI is contractually obliged to HUD to ensure that the estimates are correct:

> Contractor Responsibility—the Contractor is responsible for ensuring that HUD's discount programs are properly administered. The contractor shall reimburse HUD for any loss to HUD resulting from . . . a sale at an inappropriate discount level. HUD's loss shall equal the discount given for . . . the amount of discount given in excess of the appropriate discount level.

(Pl. Ex. C at 63; DE 35-4.) HUD does not control whom the Plaintiff hires for the appraisals.

On March 3, 2005, the Plaintiff agreed to sell a four-unit apartment building owned by HUD. On March 26, the Plaintiff contracted with the Defendant for an appraisal of the property to be sold. Two days later, the Defendant provided the Plaintiff with an estimate. However, unbeknown to the Plaintiff, the Defendant appraised only one apartment within the building, rather than the entire building. A month later, the Plaintiff sold the building to Robin Hemphill for $72,413.

After the sale, HUD discovered that the property was improperly appraised. As a result, and according to their contract, the Plaintiff now owes HUD the difference between the sale

proceeds and the actual value of the property, which amounts to a difference of $191,387. The Plaintiff agreed in a promissory note to repay HUD that amount.

The Plaintiff alleges that the Defendant's deficient appraisal constitutes negligence and breach of contract, and that it is entitled to $191,387 in damages.[1]

**C.    Standing**

The Defendant insists that the Plaintiff is not the real party in interest because it did not own the property the Defendant appraised. The Plaintiff counters this assertion by insisting that it is HUD's subrogee. The Defendant, in turn, contends that under Indiana law, a party may not proceed as the subrogee until it pays a debt for the one who is primarily liable, something the Plaintiff has not done.

The Defendant is correct that the Plaintiff is not HUD's subrogee. The law of subrogation is settled in Indiana: "Subrogation is a 'legal fiction through which a person, who is not a volunteer or in his own wrong, and in the absence of outstanding and superior equities, pays the debts of another, is substituted to all rights and remedies of the other.'" *Caps v. Klebs*, 382 N.E.2d 947, 950 (Ind. Ct. App. 1978). The Plaintiff provided the Court with documents showing that it is contractually obligated to repay HUD the difference between the price the property sold and its true market value. However, the Plaintiff does not allege, nor present any evidence, that it

---

[1] After the Defendant's motion was briefed, the Plaintiff submitted a supplemental exhibit that reflects its continued obligation to repay HUD the $191,387. (*See* DE 44-2.) The Defendant objects to this exhibit as untimely and requests that the Court strike it.

The Court will deny the Plaintiff's motion. The exhibit, although submitted after the Plaintiff's deadline to respond, is properly filed. The late submission of the exhibit was not due to the lack of the Plaintiff's diligence. Rather, the subject matter of the exhibit was created after the Plaintiff's deadline passed. As such, the exhibit appropriately supplements the record before the Court.

has already paid the Defendant's debt to HUD. Without fully paying the Defendant's obligation, the Plaintiff may not stand in HUD's shoes as its subrogee.

However, since the Plaintiff alleges that it was directly harmed by the Defendant, it need not be a subrogee to have standing. The Plaintiff states that the Defendant's negligence and breach of contract caused it to be indebted to HUD in the amount of $191,387. Furthermore, the Complaint sets out facts demonstrating that such indebtedness was proximate or foreseeable at the time the Plaintiff entered into a contract with the Defendant. *See* Restatement (Second) of Contracts § 351 ("Loss may be foreseeable as a probable result of a breach because it follows from the breach . . . in the ordinary course of events."); *Advanced Fin. Servs., Inc. v. Associated Appraisal Servs., Inc.*, 79 Conn. App. 22, 54 (Conn. Ct. App. 2003) (where the plaintiff is bound by contract to purchase back an overinflated mortgage, damages caused by negligent appraisal were foreseeable). As a result, the Court finds that the Plaintiff has alleged facts sufficient to have standing in this case, and the Defendant's Motion to Dismiss should not be granted.

**D.     Conclusion**

For these reasons, the Court denies the Defendant's Motion for Hearing [DE 42], denies the Defendant's Motion to Strike Plaintiff's Supplemental Exhibit [DE 46], and denies the Defendant's Motion to Dismiss [DE 31].

SO ORDERED on March 28, 2007.

   S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT