UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HMBI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 1:06CV0024 |
| | ) | |
| JOHN M. SCHWARTZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the Court on the Motion for Leave to Amend Answer to Plaintiff's Amended Complaint (DE # 49) filed by the Defendant, John M. Schwartz, on March 14, 2007. The Plaintiff, HMBI, Inc. ("HMBI"), filed an objection (DE # 53) on April 2, 2007, and no reply has been filed within the time limits established under Local Rule 7.1(a); therefore, the matter is now ripe for ruling. For the reasons provided, the Motion to Amend Answer will be GRANTED.

## Factual and Procedural Background

HMBI commenced this case against Schwartz on January 24, 2006, invoking diversity jurisdiction under 28 U.S.C. § 1332. (DE # 1.) Reducing this action to its simplest terms, HMBI alleges that Schwartz negligently performed an appraisal of some real estate and otherwise breached a contract to perform a careful appraisal, causing HMBI to sell the property for much less than its true value. (DE # 1.) On February 28, 2006, Schwartz filed an extensive Answer (DE # 7) that among other things, named nine individuals or entities as non-parties under Indiana law,

Ind. Code § 34-51-2-14, and asserted that HMBI's alleged damages were the fault of these non-parties.[1]

Later, on July 21, 2006, HMBI amended its Complaint to add two new Defendants, Alliance Enterprises, Inc., the realtor handling the sale ("Alliance"), and Drew McArthur, Alliance's agent, contending that they were liable because they allegedly breached a listing agreement or were otherwise negligent. (DE # 22.)  On July 31, 2006, Schwartz promptly filed an Answer to the Amended Complaint (DE # 23), reiterating the same nonparty defenses he had advanced in his initial Answer.  Alliance and McArthur filed an Answer on September 25, 2006, also naming a host of non-parties. (DE # 30.)

On September 27, 2006, Schwartz filed a Motion to Dismiss, contending that HMBI was not a real party in interest and, therefore, could not advance the claim it was asserting. (DE # 31.) That Motion became ripe for ruling on October 30, 2006.

Thereafter, on November 13, 2006, HMBI filed a Stipulation for Dismissal Without Prejudice (DE # 38) to dismiss both Alliance and McArthur.  On November 28, 2006, the Court entered an order that granted the stipulation and ordered HMBI's cause of action dismissed. (DE # 39.)  When it was brought to the attention of the Court that the cause of action should still pend against Schwartz, the case against him was reinstated on December 15, 2006. (DE # 41.)

On January 23, 2007, the parties filed a Stipulation to Continue Discovery Deadline (DE # 43), alleging that the then-expired discovery deadline of November 1, 2006, should be extended to April 16, 2007.  The parties explained that delay had occurred as a result of the addition and subsequent dismissal of McArthur and Alliance, the inadvertent dismissal of Schwartz, and that in

---

[1] Counsel do not dispute that Indiana law applies.

any event, if Schwartz's Motion to Dismiss would be granted, the time and expense of discovery would be saved. (DE # 43.)  The Court approved the stipulation on February 12, 2007. (DE # 47.)

While the Motion to Dismiss was pending, Schwartz filed the instant motion on March 14, 2007, asserting that if his motion to dismiss is denied, he wishes to amend his Amended Answer to add both Alliance and McArthur to his list of non-parties. (DE # 49.)  In fact, on March 28, 2007, the Court denied Schwartz's Motion to Dismiss. (DE # 52.)

A few days later, HMBI filed its opposition to the instant motion, pointing to the Indiana statute governing nonparty amendments, Ind. Code § 34-51-2-16, and its pronouncement that "a defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness." Ind. Code § 34-51-2-16.  As HMBI sees it, Schwartz knew about Alliance and McArthur when they were named as Defendants on July 21, 2006, and he also knew that they had become non-parties when they were dismissed on November 28, 2006, and thus, considering the interval between November 28, 2006, and March 14, 2007 – the date he filed the instant motion, Schwartz did not act with "reasonable promptness."

On April 16, 2007, the Court reset the schedule governing this case by establishing a discovery deadline of January 31, 2008, and a dispositive motion deadline of March 3, 2008, with an August 5, 2008, jury trial to follow. (DE # 57.)

### Discussion

Although the burden is on Schwartz to show that his proposed amendment was filed with "reasonable promptness," *Kelly v. Bennett*, 792 N.E. 2d 584 (Ind. Ct. App. 2003), counsel for HMBI concedes that the time for calculating that promptness could not have begun – that is, Schwartz would not have actual knowledge of the nonparty defense – until both Alliance and

3

McArthur were dismissed on November 28, 2006. *See Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E. 2d 905, 915 (Ind. 2001). Consequently, the maximum delay that could possibly be attributable to Schwartz is 106 days.

As has been observed, the purpose of the requirement to plead a nonparty defense with "reasonable promptness" would be "confounded if a defendant takes little action to discover such a defense until a substantial delay has occurred." *Kelly*, 792 N.E. 2d at 587. Of course, here at least some of the delay between November 28, 2006, and March 14, 2007, is explained by Schwartz's pending motion to dismiss, which apparently caused the parties to suspend all work on the case pending a ruling. (*See* Stipulation for Dismissal Without Prejudice (DE# 48).) Moreover, for at least 18 of the 106 days, the case was dismissed, which is a period of time hardly attributable to Schwartz. *Id*.

Clearly then, after the case was reinstated and after it became clear that the Court needed more time to rule on the Motion to Dismiss, Schwartz promptly filed the instant motion on March 14, 2007, to protect his opportunity to assert the defense. The resulting interval, some 88 days, cannot be deemed a "substantial delay" and was reasonably prompt under the circumstances. *Cf. Kelly*, 792 N.E. 2d at 587 (affirming the trial court's denial of leave to amend answer to assert nonparty defense filed 20 months after the initial answer).

Moreover, Schwartz does not run afoul of Federal Rule of Civil Procedure 15, articulating that leave to amend is to be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). HMBI does not argue, however, that Schwartz is guilty of undue delay, bad faith, a dilatory motive, or

that the amendment would be futile. It is well settled that "in the absence of any apparent or declared reason – such as . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S 178, 182 (1962).

Of course, HMBI does not claim prejudice, and none is apparent. After all, HMBI already faces a large number of nonparty defenses from Schwartz's current Amended Answer, so what is being asserted is neither novel nor a surprise. Moreover, given the new deadlines now in the case and a discovery period comprising more than nine months, it would be hard to claim any genuine prejudice.

In sum, since Schwartz's Motion to Amend was filed with reasonable promptness, and since Rule 15 counsels that the motion should be granted, Schwartz will be granted leave to amend his Answer.

## **Conclusion**

For the reasons provided, the Defendant's Motion for Leave to Amend Answer (DE # 49) is GRANTED, and the Clerk is directed to show the Amended Answer filed.

SO ORDERED.

Enter: April 19, 2007.

>	S/Roger B. Cosbey
>	Roger B. Cosbey
>	Magistrate Judge, U.S. District Court