UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HMBI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06-CV-24-TS |
| | ) | |
| JOHN M. SCHWARTZ, MOKE REALTY, | ) | |
| INC., DEBRA HEMPHILL, and ROBIN | ) | |
| HEMPHILL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court are two Motions for Extension of Time to File Answer [DE 78, 79], filed on June 6, 2008, by *pro se* Defendants Debra Hemphill and Robin Hemphill. Also at issue is a Clerk's Entry of Default [DE 77], entered June 9, 2008.

**BACKGROUND**

On May 8, 2008, Plaintiff HMBI, Inc., filed its Second Amended Complaint, adding the Hemphills and Moke Realty, Inc., as Defendants. Defendants Debra Hemphill and Robin Hemphill were served on May 14, 2008, so their answer was due June 3. Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* DE 70, 71. They failed to file an Answer by that date, and on June 4, the Plaintiff applied for clerk's entry of default [DE 76]. Then, on June 6, the two motions before the Court were docketed. The Defendants' motions are letters addressed to the clerk stating: "I am requesting a 30 day extension for a response in the above case matter. I am currently seeking legal consultation. I received the complaint by certified letter on May 16, 2008." (*See* Deborah Hemphill Letter 1, DE 78, *and* Robin Hemphill Letter 1, DE 79.) On June 9, the clerk entered

default against the Hemphills. On June 24, the Plaintiff filed a Response to Motion for Extension of Time to File Answer [DE 80] and asked the Court to deny the Defendants' motions as untimely.

## ANALYSIS

**A.    Request for Extension of Time to File Answers**

Federal Rule of Procedure 6(b) governs extension of time to file court papers.

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). In this case, the Defendants made their request for more time to file Answers on June 6, after the time had expired on June 3. The Defendants may have thought they met the deadline by dating their letters on June 3, or perhaps mailing them on that date (though a date is not visible on the image of the UPS envelope in the record). That is incorrect, however. "A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 5(d)(2). "The posting of papers addressed to the clerk's office does not constitute 'filing' under Rule 5(e). Unlike some state court rules the Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604–05 (7th Cir. 2006) (footnote omitted)[1].

---

[1] This Seventh Circuit case refers to Rule 5(e) and not Rule 5(d) as this Court does because the decision was issued in 2006. Rule 5, like the rest of the Rules of Civil Procedure, was "amended as part of the general restyling of the civil Rules to make them more easily understood . . . . These changes are intended to be stylistic only." Fed. R. Civ. P. 5, adv. comm. notes, 2007 amdt. Rule 5(e) in Raymond is the same substantive rule as 5(d)(2) here.

The issue here is whether there is "excusable neglect" for the Defendants' failure to file their Answers on time. "In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court broadly defined 'excusable neglect.' We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules." *Raymond*, 442 F.3d at 606 (parallel citations omitted). "A finding of excusable neglect 'is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer,' but extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness.'" *Lewis v. School Dist. # 70*, 523 F.3d 730, 740 (7th Cir. 2008) (citation omitted) (quoting *Pioneer*, 507 U.S. at 391). Also, this determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission. The factors to consider include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith." *Id.* (quotations and citation omitted).

In this case, it appears that the *pro se* Defendants made a mistake and were careless, or at least not careful enough given the potential stakes involved in litigation. It would have been prudent for the Defendants either to contact the clerk's office and inquire about how to meet the deadline of June 3, perhaps arranging to file their request by facsimile, or to mail their request early enough so that it would surely arrive and be filed before the deadline. On the other hand, it is not unreasonable to believe that dating a letter or mailing a letter on a due date will meet the deadline. After all, many state courts, including Indiana, use such a system. *See Raymond*, 442 F.3d at 605 & n.3. The Court is also mindful that the Defendants were without the benefit of counsel at this stage.

The equitable factors counsel toward granting the Defendants' motion. The length of the delay was very short, only a few days. The delay's potential impact on judicial proceedings is minimal if there is any at all, given that the Plaintiff only added these Defendants in May. The reason for the delay, as discussed, appears to be a mistake and/or carelessness. These are not attributes welcomed in the judicial system, but they do qualify as excusable neglect. There is no indication the two Defendants are not acting in good faith; the Court for now takes them at their word that they are seeking legal representation and were unable to obtain it in time to file Answers or motions for more time to respond. The Court can see no danger of prejudice to the Plaintiff; it will simply have to litigate the case fully now, rather than score "a windfall" through victory by default judgment. *Sun v. Bd. of Tr. of Univ. of Ill.*, 473 F.3d 799, 811–12 (7th Cir. 2007).

The Plaintiff argues that the Court should deny the motions as untimely.[2] The Plaintiff states that the Defendants were served with the Complaint by certified mail on May 14, not May 16 as they represent in their letter. The significance of the two dates is not clear: even if the starting date was May 16, the Defendants' June 6 requests for an extension of time to respond still would have been after the 20-day deadline (June 5) and thus untimely. In any event, the Plaintiff does not address any of the equitable factors for finding excusable neglect, including how it would be prejudiced.

---

[2] There is an irony in the Plaintiff asking the Court to deny the Defendants' motions as untimely. The Response to the Defendants' motions was due on June 23, 15 days after the motion was filed (June 6), N.D. Ind. L.R. 7.1(a). (The fifteenth day is actually June 21, but that is a Saturday, so the last day to file the Response becomes Monday, June 23. Fed. R. Civ. P. 6(a)(3).) However, the Plaintiff filed its Response on June 24, which means it is untimely. N.D. Ind. L.R. 7.1(a). The Court could strike the Response as untimely, but it would rather reach the merits of the issue, and so it will consider the Plaintiff's arguments. *James* 2:13 (New American Standard Bible).

4

Therefore, the Defendants will have 20 days from the date of this order to file their Answers.

**B.     Entry of Default**

The remaining issue is the clerk's entry of default. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The discretionary decision whether to set aside the entry of default in this case is guided by the Seventh Circuit's view of the effect and role of default judgment. "Default judgments short-circuit the case." *Mommaerts v. Hartford Life and Acc. Insc. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). "A default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or where other less drastic sanctions have proven unavailing[,] . . . especially where those judgments result from honest mistakes rather than willful misconduct, carelessness or negligence." *Ellingsworth v. Chrysler*, 665 F2.d 180, 185 (7th Cir. 1981) (citations omitted).

To vacate an entry of default, "the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). The Court does not need to wait for a motion by the Defendants to set aside the entry of default because district courts have "the authority to set aside *sua sponte* an entry of default against [defendants] for good cause." *Judson Atkinson Candies, Inc., v. Latini-Hohberger Dhimantec*, — F.3d —, 2008 WL 2246431, at *8 (7th Cir. 2008)

The Seventh Circuit has ruled that Rule 55(c)'s "good cause" standard is "easier to satisfy" than Rule 60(b)'s mistake, inadvertence, and excusable neglect standard. *Sims v. EGA*

*Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). *See also Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 601 (7th Cir. 1987) (stating that "'good cause' . . . demands a lesser showing than 'excusable neglect'" in the context of an extension for time to appeal under Federal Rule of Appellate Procedure 4(a)(5)). Likewise, Federal Rule of Civil Procedure 55(c)'s "good cause" standard must also be easier to satisfy than the "excusable neglect" standard of Federal Rule of Civil Procedure 6(b)(1)(B). *See Raymond*, 442 F.3d at 606 (stating that "excusable neglect" has the same meaning through federal rules of procedure).

Because the Court has already found there was excusable neglect for the Defendants' failure to file their Answers, there is also good cause for their default. The motions for an extension of time to file Answers, requests that came a few days after the deadline and a few days before the clerk entered default, function as quick action to correct the Defendants' default. So the first two requirements for setting aside default are satisfied, despite the Plaintiff's arguments otherwise. (*See* Pl. Resp. 2–3.) However, there is no information about whether the Defendants have a meritorious defense to the Plaintiff's claim, and the Court on its own cannot assume there is one. The Defendants must inform the Court that they have a meritorious defense against the Plaintiff's claims in order for the Court to vacate the entry of default. Otherwise, the Plaintiff will be able to file a motion for default judgment, which, if granted, would end the case and make the Defendants liable to the Plaintiff for its claims.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions for Extension of Time [DE 78, 79] are GRANTED IN PART. **The Defendants have 20 days (not 30 days) from the date of this**

**order to file their Answers.** If the Defendants want the Court to set aside the entry of default, they must file a motion so requesting, and it must contain a meritorious defense to the Plaintiff's claims. The Court also admonishes the Defendants to be mindful of the deadlines in this case and all applicable rules, including the District's local rules, which are publicly available on the Court's website.

So ORDERED on June 26, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

.