UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HMBI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-24 |
| ) | |
| JOHN M. SCHWARTZ, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

Before the Court is Defendant Robin Hemphill's Motion to Set Aside Default pursuant to Federal Rule of Civil Procedure 55(c)[1] filed July 15, 2008 (Docket # 91).  The Plaintiff, HMBI, Inc., has not filed a response.  For the reasons given below, the motion to set aside the default will be GRANTED.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

This action started well over two years ago but it was not until recently that Robin Hemphill ("Robin") was added by HMBI as a defendant via a Second Amended Complaint filed on May 8, 2008. (DE # 68).  Robin was served on May 14, 2008. (DE # 71). On June 4, 2008, HMBI applied for a default against Robin (DE# 76), and notwithstanding the fact that Robin had appeared on June 6, 2008, and filed a *pro se* motion for an extension of time to plead so she

---

[1] Subject matter jurisdiction arises under diversity,  28 U.S.C. § 1332.  Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(c).  *See* N.D. Ind. L.R. 72.1(c) (providing, with immaterial exceptions, that "[a] magistrate judge may hear and determine any procedural or discovery motion or other motion or pre-trial matter in a civil or criminal case").

could secure counsel (DE# 79), the Clerk entered a default against her on June 9, 2008. (DE# 77).

Shortly after the default, on July 15, 2008, Robin promptly secured counsel and filed the present motion as well as an Answer, denying the allegations and listing affirmative defenses. (DE # 94).  She correctly observes in the motion that she sought an extension of time before the default was entered but that the Clerk entered the default nevertheless.

HMBI has not filed a response to the motion and the matter is now ripe for consideration.

### III.  APPLICABLE LEGAL STANDARD

Because no judgment has been entered, the Court must consider Robin's motion to set aside the default in accordance with Federal Rule of Civil Procedure 55(c).  To succeed in obtaining the vacation of a default entry under Rule 55(c), she must demonstrate: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."  *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 809-10 (7th Cir. 2007); *see also Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)); *Breuer Elec. Mfg. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).  "The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context."  *DiMucci*, 879 F.2d at 1495. "Whether or not to vacate a default is in the sound discretion of the district court . . . ."  *Sun*, 473 F.3d at 810.

### IV.  DISCUSSION

Robin invokes Federal Rule of Civil Procedure 55(c), arguing that good cause exists to set aside the entry of default.  She also argues that she took quick action to have the default set

aside and that she has meritorious defenses to HMBI's Second Ameded Complaint.

*A.  Good Cause Exists to Set Aside the Entry of Default*.

Robin argues, although not extensively, that there is good cause for vacating the entry of default. In essence, she maintains that her default was not wilful, that in fact, as a *pro se* litigant, she did all she knew to do to prevent it.

Federal Rule of Civil Procedure 55(c) allows defaults to be set aside for "good cause." Fed. R. Civ. P. 55(c).  Rule 55(c) demands "good cause" for the judicial action itself, not for the defendant's error, and in this rule's context it is not a synonym for "excusable neglect."  *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *Christiansen v. Adams*, No. 04-0561-DRH, 2008 WL 2511241, at *2 (S.D. Ill. June 20, 2008); *Armfield v. Key Plastics, LLC*, 1:08 CV 110, 2008 WL 2397684, at *1 (N.D. Ind. June  9, 2008).  "Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case."  *Sims*, 475 F. 3d at 868 (emphasis in original); *accord Hamilton v. Ill. Cent. R.R. Co.*, No. 07-0383-DRH, 2008 WL 78784, at *4 (S.D. Ill. Jan. 7, 2008); *Westerfield v. Quiznos Franchise Co., LLC*, No. 06-C-1210, 2007 WL 543449, at *3 (E.D. Wis. Feb. 16, 2007).

This is an instance when the sanction of imposing a default upon Robin would be disproportionate to the minimal prejudice (if any) to HMBI.  Robin filed an Answer shortly after the default, and the insubstantial delay (in a case now going on its third year) is unlikely to have any effect on HMBI's case.  To allow the default to stand could lead to a default judgment against Robin, a disproportionate sanction for such an inconsequential delay.

Moreover, the Seventh Circuit Court of Appeals "has a well established policy favoring a trial on the merits over a default judgment," and thus a default should only be employed in

extreme situations, or when less drastic sanctions have proven unavailing, or when a party wilfully disregards the litigation.  *Sun*, 473 F.3d at 811 (citations omitted).  None of these circumstances are present in this instance.  "[I]n general, in the absence of a showing of wilfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment."  *Hamilton*, 2008 WL 78784, at *4 (collecting cases); *accord Christiansen*, 2008 WL 2511241, at *2.  In sum, because entering a default in this case would be an excessive sanction, there is good cause for vacating the entry of default.

### B. Robin Took Quick Action to Correct the Error, and She Presents Meritorious Defenses to HMBI's Second Amended Complaint.

As mentioned earlier, Robin obviously took prompt action to secure counsel, and her counsel quickly filed the present motion and Answer.  Therefore, Robin has fulfilled the second factor in favor of setting aside the entry of default.

Robin also has alleged a series of defenses, including that HMBI has failed to state a claim upon which relief could be granted (Eighth Affirmative Defense) and that HMBI is barred from bringing this action based on the Statute of Limitations (Sixth Affirmative Defense) and an absence of privity (Seventh Affirmative Defense). Of course the viability of these defenses and the others she asserts remains to be seen, but at least she has come forward with the requisite "developed legal and factual basis."  *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 359 (S.D. Ill. 2002); *see also Hamilton*, 2008 WL 78784, at *5 (citing *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)).  Thus, Robin has presented meritorious defenses, fulfilling the final requirement to set aside an entry of default.

### V.  CONCLUSION

For the foregoing reasons, Defendant Robin Hemphill's motion to set aside the default (DE # 91) is GRANTED.  It is ORDERED that the entry of default (Docket # 77) against Robin Hemphill be set aside.

Enter for this 5th day of August, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
