UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| HMBI, INC., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No.: 1:06-CV-24-TS |
| JOHN M. SCHWARTZ, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Plaintiff, HMBI, Inc. ("HMBI"), submitted its Complaint alleging that the Defendant, Debra Hemphill ("Hemphill"), and others incurred legal liability to it deriving from a real estate deal on the bases of fraud, negligence, and breach of contract. After various discovery motions and amended complaints and answers, the Plaintiff submitted its Second Amended Complaint on May 8, 2008. As to Debra Hemphill, the Plaintiff in Count I claims a cause of action for negligence. Count II relates exclusively to co-defendant John M. Schwartz, and need not be discussed here. Count III claims a cause of action on grounds of fraud, as well as breach of contract. The Defendant filed her Answer on July 2, 2008.

On January 19, 2009, Hemphill filed her Motion for Summary Judgment, claiming that: (1) the allegations of fraud were not pleaded with particularity; (2) she owed the Plaintiff no duty to warn him of a defect in the property, thus precluding a claim of negligence; (3) she was not a party to the contract, thus precluding a breach of contract claim; (4) all of the Plaintiffs claims are precluded by the doctrine of *respondeat superior*; and (5) the Plaintiff's claims are precluded by the applicable statute of limitations. The Plaintiff filed its Response on February 20, 2009. The Defendant filed her Reply on March 3, 2009, and the Motion for Summary Judgment is ripe for ruling.

# SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable

inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989).

## STATEMENT OF MATERIAL FACTS

Viewing the facts in the light most favorable to the Plaintiff, the Court accepts the following facts as true for the purpose of ruling on this Motion for Summary Judgment. The Plaintiff, HMBI, manages and markets residences for the United States Department of Housing and Urban Development. In preparation to sell one of these residences, located at 7345 Whitcomb Street in Merrillville, Indiana, HMBI hired John M. Schwartz to appraise the property. Schwartz negligently valued the property at $42,500.00, approximately one-quarter of its value, when he appraised only one apartment in the four-apartment complex.

The Defendant, Debra Hemphill, worked as an employee of Moke Realty, which was subcontracted by Alliance Corporation ("Alliance") and charged with listing and selling the property. As part of Hemphill's research into the property, she learned that the property had previously been listed at $250,000.00, many times its then-asking price. Upon learning this, she contacted HMBI to confirm that the property was a multi-unit building, rather than a single-unit apartment. Upon confirmation of this information, Hemphill did not tell HMBI during her phone call that the property had previously been listed at a much higher price. She knew at that time that the information about the previous listing price was accessible only by licensed agents and brokers, and that HMBI could not independently learn of it.

As Hemphill knew the property was listed at a low price, she made a bid on the property

3

on behalf of her daughter Robin, for approximately $70,000.00, which was almost $28,000 higher than the listing price. In convincing her daughter to make the bid, Hemphill told her daughter that the building was a four-unit building, and that its acquisition would be a huge windfall for both of them.

## DISCUSSION

From the above facts, the Plaintiff seeks relief on grounds of fraud, negligence, and breach of contract.[1] The Defendant seeks summary judgment on each claim independently, as well as on the theories that all claims are precluded by *respondeat superior*, and that all claims are barred by the applicable statute of limitations. As the *respondeat superior* and statute of limitations theories would result in a complete dismissal of the Plaintiff's claims, the Court will address those first.

**A.** *Respondeat Superior* **(Fraud and Negligence Claims)**

The Defendant asks the Court to find that since Hemphill was acting in the course and scope of her employment with Moke Realty at the time the causes of action arose, she cannot be held personally liable for any of her actions, and that HMBI's exclusive remedy is with Moke Realty. The Court disagrees. Under the doctrine of *respondeat superior*, a master or principal can be held liable for any tortious act committed by his servant or agent while such servant or agent is acting in the course of her employment and in the line of duty. *Grzan v. Charter Hosp.*

---

[1] While the Second Amended Complaint is divided into three separate Counts (two of which concern this Defendant), the Motion for Summary Judgment, Response, and Reply are all categorized by the claims of fraud, negligence and breach of contract, irrespective of how they were classified in the Second Amended Complaint. This Opinion and Order tracks the language used by the parties in their Summary Judgment pleadings.

4

*of Northwest Ind.*, 702 N.E.2d 786, 792 (Ind. Ct. App. 1998). In order for an activity to qualify as being within the scope of employment, "it must be a necessary incident of the day's work or be essential to the performance of the work." *Rogers v. Chi. & N.W. Trans. Co.*, 947 F.2d 837, 839 (7th Cir. 1991).

However, an agent who does an act otherwise a tort is not relieved from liability by the fact that she acted under the scope of her employment for a principal. *See* Restatement (Third) of Agency § 343 (2006). The Defendant does not cite, nor is this Court aware, of any Indiana law that would protect an employee from individual liability for a tort she committed while in the scope of her employment.

In this case, Hemphill is alleged to have personally committed the fraudulent and negligent action of selling a listed property at an undervalued price to a family member. As she has is alleged to have personally committed torts against HMBI, the doctrine will not work to free Hemphill acts of negligence or fraud. As to these issues, the Defendant's *respondeat superior* argument is without merit.[2]

**B.** **Indiana Code § 34-11-2-3.**

The Defendant next argues that all claims against her are barred by the statute of limitations created by Indiana Code § 34-11-2-3, which provides:

> Any action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, may not be brought, commenced, or maintained, in any of the courts of Indiana against physicians, dentists, surgeons, hospitals, sanitarians, *or others*, unless the

---

[2]The issue of *respondeat superior* as applied to the Plaintiff's breach of contract claim will be addressed later in this Opinion.

> action is filed within two (2) years from the date of the act, omission, of neglect complained of.

Ind. Code § 34-11-2-3 (2009) (emphasis added).

In their pleadings relating to this Motion, the parties engaged in a spirited debate regarding the questions of whether a two or six-year statute of limitations should apply, and whether § 34-11-2-3 can be read broadly enough to include realtors. However, Indiana's so-called discovery rule preempts the Court from ruling on these admittedly interesting questions of law. Under Indiana's discovery rule, the statute of limitations for a tort action begins to run only when "the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wheeling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992).

In this case, the Defendant's alleged torts took place in the spring and summer of 2005, while she was not added as a defendant until May 5, 2008—a time period of longer than two years. However, HMBI was not made aware of Hemphill's alleged torts until it deposed fellow realtor Jeremy Scheeringa on February 11, 2008, and learned about the details of how Moke Realty had listed and sold the four-unit building. As a realtor, Scheeringa had access to listing services unavailable to HMBI. Furthermore, he was able to walk HMBI through the investigative process required for all realtors when they receive a property to sell. Additionally, Scheeringa recalled a conversation with Moke Realty in which he informed an agent there of some "funny business" regarding the property in question.

It is the Court's finding that the Plaintiff could not have discovered the cause of action absent these facts, even with the exercise of due diligence. As the Second Amended Complaint was filed a mere four months after the torts were discovered, the cause of action was filed easily

under the two-year limitation, even were it held to apply.

### C. Fraud Claims

The Defendant then argues that she is entitled to summary judgment on the Plaintiff's fraud claims because (1) the Plaintiff did not plead fraud with the specificity and particularity required under Rule 9 of the Federal Rules of Civil procedure; and in the alternative, (2) the Defendant did not make any actual representations to the Plaintiff, making a claim of fraud impossible as a matter of law. The Court will address each argument, respectively.

#### 1. Rule 9(b)

Defendant argues that the Plaintiff's fraud claim is void as being violative of Rule 9(b) of the Federal Rules of Civil Procedure. The Court disagrees. Rule 9(b) states, in pertinent part:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to "ensure that a defendant is apprised of the fraud claimed in a manner sufficient to permit the framing of an adequate response pleading." *United National Records, Inc.*, *v. MCA, Inc.*, 609 F.Supp. 33, 38 (N.D. Ill. 1984). "A party who fails to raise a Rule 9(b) objection normally waives the requirement." *Id.* The time limitation for when a Defendant must make a Rule 9(b) motion is analogous to Rule 12(h)(1), regarding defenses under Rules 12(b)(1) through (5). *Id.* Motions objecting to these rules must be made before a responsive pleading. Fed. R. Civ. P. 12(b).

Here, the Defendant's waiver of her Rule 9(b) objection is evidenced by the fact of her filing of an Answer to the Second Amended Complaint, as well as by its contents. Paragraph 24

of the Second Amended Complaint states, "Plaintiff has been damaged by the breach of contract, and fraudulent acts of Defendants Robin Hemphill, Debra Hemphill, and Moke Realty."  The Plaintiff's Answer states: "Defendant Debra Hemphill denies the allegations of paragraph 24."  First, the fact that the Plaintiff does not raise the Rule 9(b) objection indicates that it is waived, as not included in her first responsive pleading.  Second, the fact that she felt capable of denying the fraud charge indicates that it had been pleaded "in a manner sufficient to permit the framing of an adequate response pleading."  Thus, the Court finds the Defendant's Rule 9(b) motion as without merit.

### 2.  Actionable Fraud Under Indiana Law

In the alternative, the Defendant argues that even were all the facts construed most favorably to the Plaintiff, it has not made out a *prima facie* case of fraud under Indiana law.  The Court disagrees.

The Defendant states that "[s]ince Plaintiff fails to allege any representation by Defendant Debra Hemphill to Plaintiff, they also fail to allege reliance by Plaintiff on a representation by Defendant Debra Hemphill.  Without these essential elements (a representation and reliance on that representation), there cannot be fraud . . . ."  While this is not a misstatement of the law, it is not a complete version, either.  In addition to material misrepresentations, the failure to disclose all material facts by one who has a legal duty to disclose also constitutes actionable fraud under Indiana law.  *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004) (quoting *The First Bank of Whiting v. Schuyler*, 692 N.E.2d 1370, 1372 (Ind. Ct. App. 1998))

Omissions of material fact may be actionable in Indiana under a theory of constructive fraud. To establish a claim of constructive fraud, a party must establish:

> (1) a duty owing by the [Defendant] to the [Plaintiff] due to their relationship;
> (2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts *or remaining silent when a duty to speak exists*;
> (3) reliance thereon by the [Plaintiff];
> (4) injury to the [Plaintiff] as a proximate result thereof; and
> (5) the gaining of an advantage by the [Defendant] at the expense of the [Plaintiff].

*Nestor v. Kapetanovic*, 573 N.E.2d 457, 458 (Ind. Ct. App. 1991).

Similarly, material omissions can give rise to a fraudulent concealment claim. To support a claim under Indiana law, a Plaintiff must establish:

> (1) a duty to disclose certain facts to the Plaintiff;
> (2) a knowing failure to do so on behalf of the Defendant; and
> (3) the Plaintiff's justifiable reliance on such non-disclosure to its detriment.

*DeVoe Chevrolet-Cadillac, Inc. v. Cartwright*, 526 N.E.2d 1237, 1240 (Ind. Ct. App. 1988).

The facts in this case, construed in a light most favorable to HMBI, could support a finding of fraud on either of these two theories. As a realty agent for HMBI, Hemphill owed a fiduciary duty of good faith to it, which included the duty to disclose all material facts. Whether she breached this duty, whether there was justifiable reliance on the breach, and whether injury occurred are all questions of fact. The Court therefore finds that genuine issues of material fact exist as to whether Hemphill breached her duty to disclose material facts to the Plaintiff, and summary judgment is precluded.

**D.     Negligence**

The Defendant next moves for summary judgment on the Plaintiff's negligence claim on the grounds that "Indiana law does not confer upon Defendant Debra Hemphill the requisite duty necessary to find her liable for a claim of negligence." The Court disagrees.

The Defendant submits that "[a] realtor does not have a duty to inspect the property." However, she states that "[a] realtor does have a duty to warn a prospective buyer of latent defects of which the realtor is aware." She finishes: "[t]he question in this case would then be whether a building listed as one apartment but in reality is four apartments constitutes a 'latent defect.'"

The law, as presented by the Defendant, does not apply to these facts. As the cited case law unambiguously states, "a realtor does have a duty to warn a prospective *buyer* of latent defects . . . ." (emphasis added). At issue in this case is not Hemphill's potential liability to the property's buyer–she is not being sued by her daughter, Robin. At issue is Hemphill's liability to the property's seller, the Plaintiff, HMBI. As stated earlier, Hemphill's relationship with HMBI did create a certain duty of care—whether it was breached presents a genuine question of material fact best left to a fact-finder. Therefore, summary judgment cannot be granted on the Plaintiff's negligence claim.

**E.     Breach of Contract**

Finally, the Defendant moves for summary judgment on the Plaintiff's breach of contract claim, contending that she cannot be liable on a contract to which she was not a party. The Court agrees. Generally, contract claims in Indiana may be brought only against a party to the contract or those in privity with a party. *Winkler v. V.G. Reed & Sons, Inc.*, 619 N.E.2d 597, 599 (Ind.

Ct. App. 1993). Normally the parties to a contract can be identified as a matter of law by the very terms of the contract, as long as there is no ambiguity. *Sunman-Dearborn Cmty Sch. Corp. v. Kral-Zepf-Freitag & Assocs.*, 338 N.E.2d 707, 709 (Ind. Ct. App. 1975).

The contract in question here clearly designates as the parties HMBI and Moke Realty. The contract is not signed by Debra Hemphill, nor is she mentioned therein as a party, or as being in privity with a party. The terms of the contract are clear and unambiguous, and there is no genuine issue of material fact as to whether Hemphill was a party to the contract. Therefore, the Defendant is entitled to summary judgment on this count.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the Defendant's Motion for Summary Judgment [DE 96]. The Plaintiff's breach of contract claim against the Defendant Debra Hemphill is dismissed.

SO ORDERED on September 8, 2009.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION