## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| HMBI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 1:06-CV-24-TS |
| | ) | |
| JOHN M. SCHWARTZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Plaintiff, HMBI, Inc. ("HMBI"), submitted its Complaint alleging that the Defendant, Robin Hemphill ("Hemphill"), and others incurred legal liability to it deriving from a real estate deal on the bases of fraud, negligence, and breach of contract. After various discovery motions and amended complaints and answers, the Plaintiff submitted its Second Amended Complaint on May 8, 2008. As to Robin Hemphill, the Plaintiff in Count I claims a cause of action for negligence. Count II relates exclusively to co-defendant John M. Schwartz, and need not be discussed here. Count III claims causes of action on grounds of fraud and breach of contract. The Defendant filed her Answer on July 15, 2008.

On March 20, 2009, Hemphill filed her Motion for Summary Judgment, claiming that: (1) her status as a non-party to the HMBI-Moke Realty contract precludes her being sued for breach of contract; (2) the claim of negligence is barred by Indiana's statute of limitations; (3) the claim of negligence is barred by the economic loss doctrine; (4) she owed HMBI no duty upon which fraud or negligence can be based; and (5) the fraud claim should be dismissed for failure to specifically aver the alleged fraud. The Plaintiff filed its Response on April 29, 2009. The Defendant filed her Reply on May 14, 2009, and the Motion for Summary Judgment is ripe for ruling.

# SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable

inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989).

## STATEMENT OF MATERIAL FACTS

Viewing the facts in the light most favorable to the Plaintiff, the Court accepts the following facts as true for the purpose of ruling on this Motion for Summary Judgment. The Plaintiff, HMBI, manages and markets residences for the United States Department of Housing and Urban Development ("HUD"). In preparation to sell one of these residences, located at 7345 Whitcomb Street in Merrillville, Indiana, HMBI hired John M. Schwartz to appraise the property. Schwartz negligently valued the property at $42,500.00, approximately one-quarter of its value, when he appraised only one apartment in the four-apartment complex.

One of the Defendants, Debra Hemphill, worked as an employee of Moke Realty, which was subcontracted by Alliance Corporation ("Alliance") and charged with listing and selling the property. As part of Debra Hemphill's research into the property, she learned that the property had previously been listed at $250,000.00, many times its then-asking price. Upon learning this, she contacted HMBI to confirm that the property was a multi-unit building, rather than a single-unit apartment. Upon confirming this information, Hemphill did not tell HMBI during her phone call that the property had previously been listed at a much higher price. She knew at that time that the information about the previous listing price was accessible only by licensed agents and brokers, and that HMBI could not independently learn of it.

As Hemphill knew the property to be listed at a good price, she made a bid on the

property on behalf of her daughter Robin, for approximately $70,000.00, which was almost $28,000 higher than the listing price. In convincing her daughter to make the bid, Hemphill told her daughter that the building was a four-unit building, and that its acquisition would be a huge windfall for both of them. Robin Hemphill closed on the property, and admits that at closing she "knew for sure" that she had purchased a four-unit building instead of one unit in the building.

**DISCUSSION**

From the above facts, the Plaintiff initially sought relief on grounds of fraud, negligence, and breach of contract. However, in its Response to the Defendant's Motion for Summary Judgment, the Plaintiff stated that "HMBI will no longer pursue negligence and breach of contract claims." As such, the Court will grant Summary Judgment on those claims. The remaining issue is the fraud claim, which the Defendant claims is barred as a matter of law. The Court agrees.

**A.     Actionable Fraud Under Indiana Law**

The elements of a fraud claim in Indiana are "material misrepresentations of past or existing facts, which representation is false, made with knowledge or reckless ignorance of its falsity, which causes reliance to the detriment of the person relying upon it." *First Nat'l Bank of New Castle v. Acra*, 462 N.E.2d 1345, 1348 (Ind. Ct. App. 1984). In other words, "the essential elements of actionable fraud are representations, scienter, deception, and injury." *Royal Business Mach. v. Lorraine Corp.*, 633 F.2d 34, 45 (7th Cir. 1980). The failure to disclose all material facts by one who has a legal duty to disclose also constitutes actionable fraud under Indiana law.

4

*Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004) (quoting *The First Bank of Whiting v. Schuyler*, 692 N.E.2d 1370, 1372 (Ind. Ct. App. 1998))

Omissions of material fact may be actionable in Indiana under a theory of constructive fraud. To establish a claim of constructive fraud, a party must establish:

> (1) a duty owing by the [Defendant] to the [Plaintiff] due to their relationship;
> (2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts *or remaining silent when a duty to speak exists*;
> (3) reliance thereon by the [Plaintiff];
> (4) injury to the [Plaintiff] as a proximate result thereof; and
> (5) the gaining of an advantage by the [Defendant] at the expense of the [Plaintiff].

*Nestor v. Kapetanovic*, 573 N.E.2d 457, 458 (Ind. Ct. App. 1991) (emphasis added).

Similarly, material omissions can give rise to a fraudulent concealment claim. To support a claim under Indiana law, a Plaintiff must establish:

> (1) a duty to disclose certain facts to the Plaintiff;
> (2) a knowing failure to do so on behalf of the Defendant; and
> (3) the Plaintiff's justifiable reliance on such non-disclosure to its detriment.

*DeVoe Chevrolet-Cadillac, Inc. v. Cartwright*, 526 N.E.2d 1237, 1240 (Ind. Ct. App. 1988).

However, "where there is no duty to speak or disclose facts, silence will not constitute actionable fraud. Morever, the burden of showing a duty to speak is on the party alleging fraudulent concealment." *Brand v. Borst*, 431 N.E.2d 161, 168 (Ind. Ct. App. 1982). Pure contractual relations between parties entering into an arm's length transaction may not form the basis of constructive fraud. *Comfax Corp. v. N. Am. Van Lines*, 587 N.E.2d 118, 126. A duty to disclose only exists when a fiduciary or confidential relationship exists between the parties. *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 478 F. Supp. 2d 1076, 1091–92

(S.D.Ind. 2007).

As the Plaintiff does not allege that the Defendant made any material misrepresentations on which it relied, any potential fraud claim in this case has to be analyzed under a "failure to disclose" cause of action of constructive fraud or fraudulent concealment (which largely overlap). In this case, the relationship between Debra Hemphill and HMBI was purely contractual. Hemphill owed HMBI the duty of making no material misrepresentations, which the undisputed evidence shows she did not. HMBI's two attempts to project a fiduciary duty onto Hemphill are unconvincing.

First, the Plaintiff argues that *Debra* Hemphill's alleged fiduciary duty transfers to her daughter, Robin ("As a family member of Debra, Robin was bound . . ."). While Debra's fiduciary duty may well have existed and been breached, the Plaintiff cites no law that would impute this duty on to a family member.

Second, HMBI cites a Code of Federal Regulations section regarding the disposition of HUD properties that states:

> No person who is an employee, agent, consultant, officer, or elected or appointed official of the lessee or purchaser of property under this subpart, or who is in a position to participate in a decisionmaking process or gain inside information with regard to the lease or purchase of the property, may obtain a personal or financial interest or benefit from the lease or purchase of the property, or have an interest in any contract, subcontract, or agreement with respect thereto, or the proceeds thereunder, either for himself or herself or for those with whom he or she has family or business ties, during his or her tenure or for one year thereafter.

24 C.F.R. § 291.435(b). HMBI submits that the existence of this regulation produced a *per se* duty for Robin Hemphill to disclose to HMBI her "clear conflict of interest." However, HMBI

6

has not explained its relevance to whether Hemphill owed HMBI a fiduciary duty that would form the basis of an Indiana cause of action for fraud. Furthermore, HMBI does not explain how Hemphill would be in violation of the Regulation, even were it to apply. The "inside information" allegedly possessed by Hemphill was that a four-unit building was for sale at a very favorable price. This information could have been obtained by any member of the public who went to physically inspect the property, which was publicly listed for sale. As the Court thus finds that the Defendant owed the Plaintiff no duty of disclosure, the Court grants summary judgment as to the fraud claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Summary Judgment [DE 102]. The Clerk is directed to enter judgment for the Defendant, Robin Hemphill, and against the Plaintiff, HMBI, Inc.

SO ORDERED on September 8, 2009.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION