# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

HMBI, INC.,                              )
                                         )
   Plaintiff,             )
                                         )
    v.               )  Cause No.: 1:06-CV-24-TS
                                         )
JOHN M. SCHWARTZ, *et al.*,              )
                                         )
   Defendants.             )

## OPINION AND ORDER

The Plaintiff HMBI, Inc. (HMBI), filed its Second Amended Complaint [DE 68] on May 8, 2008, alleging that the Defendant, Moke Realty (Moke), incurred legal liability to it deriving from a real estate deal on the bases of fraud, negligence, and breach of contract. Moke filed its Answer [DE 85] on July 2, 2008.

On March 20, 2009, Moke filed a Motion for Summary Judgment [DE 102], claiming that (1) all of HMBI's claims are barred by the applicable statute of limitation, (2) HMBI has no admissible evidence to support its damages, (3) HMBI cannot produce the alleged contract at issue, (4) HMBI failed to state its fraud claim with particularity, (5) HMBI's fraud claim fails on its merits, and (6) Debra Hemphill's actions did not arise out of the course and scope of her employment with Moke. The Plaintiff filed its Response [DE 109] on April 29, 2009. The Defendant filed its Reply [DE 114] on May 15, 2009, and the Motion for Summary Judgment is ripe for ruling.

Also before the Court is Moke's Rule 56 Motion to Strike [DE 115] filed on May 15, 2009. The Motion contends that certain evidence in HMBI's Response to the Motion for Summary Judgment should be stricken. Debra Hemphill's testimony regarding a $299,000.00 appraisal for the property in question, as well as the appraisal performed by John Schwartz, are

purported to be inadmissible as (1) hearsay, (2) violative of the best evidence rule, and (3) inadmissible expert evidence. The Plaintiff filed its Response [DE 117] on June 2, 2009. The Defendant filed its Reply [DE 118] on June 4, 2009, and this motion is also ripe for ruling.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,*

477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989).

## STATEMENT OF MATERIAL FACTS

Based upon materials submitted by both parties, the Court finds the following facts for purposes of the Motion for Summary Judgment. The Plaintiff, HMBI, manages and markets residences for the United States Department of Housing and Urban Development (HUD).  In preparation to sell one of these foreclosed residences, located at a certain address on Whitcomb Street in Merrillville, Indiana, HMBI hired John M. Schwartz to appraise the property.  Schwartz incorrectly valued the property at $42,500.00, approximately one-quarter of its apparent market value, because he appraised only one apartment in the four-apartment complex.

At that time, Moke was a listing agent for HMBI. Its contract with HMBI contained a conflict of interest provision that precluded Moke and its agents from acquiring any interest in any HUD property.[1] Moke would receive listings for anywhere from two to twenty HUD properties on any given Friday morning, and would be responsible for listing and marketing those properties by 5:00 PM on that same day.

Once a HUD property was received by Moke, the listing agent assigned to the property

---

[1] The Court notes that HMBI has not been able to produce the contract in question, and relies on testimony and circumstantial evidence to establish the contract's terms.

3

would research the property by physically inspecting the property and obtaining a legal description of it. In March of 2005, Debra Hemphill was assigned to the property at the address on Whitcomb Street in Merrillville, Indiana (the property), which HMBI had listed at a price of $42,500. She went to the local Assessor's Office to obtain information on it, and was informed that the building was a four-unit commercial building of approximately 5,000 square feet. Hemphill pulled up multiple prior listings on the property and found that the property had previously been listed at $250,000.00. Concerned as to the very low price assigned by HMBI, Hemphill called HMBI and was informed that the information she had received was correct. During this phone call, Hemphill did not tell HMBI that the property had previously been listed at many times its current price, despite knowing that her information came from a database for licensed agents and brokers, and that HMBI did not have access to that information. Moke eventually put the property up for sale for $42,500.00.

Debra Hemphill thought that $42,500.00 was a great price for the property and encouraged her daughter, Robin Hemphill, to bid on it. Robin submitted a bid for approximately $70,000.00, financed by a loan from American Savings. Prior to obtaining the loan, the Hemphills had an independent appraisal performed by Joseph Goodnight, who appraised the property at $299,000.00 for the four-unit building. Her $70,000.00 bid proved to be the winning bid, and Robin closed on the property on June 14, 2005. Both Hemphills admit that, at the time of closing, they knew they had received a windfall on the four-unit property.

**DISCUSSION**

Based on these facts, the Plaintiff seeks relief on grounds of fraud, negligence, and breach of contract. The Defendant seeks summary judgment on each count. Additionally, the Defendant seeks to have certain evidence relied upon by the Plaintiff stricken. Because the evidentiary issues need to be decided before considering the Defendant's request for summary judgment, the Court will first discuss the Motion to Strike.

**A.      Motion to Strike**

The Defendant asks the Court to find that HMBI's proffered evidence of Goodnight's $299,000.00 appraisal of the property, as well as the $42,500.00 appraisal of John Schwartz, should be stricken for violating evidentiary rules governing hearsay, best evidence, and expert evidence.

The Defendant submits that Hemphill's testimony regarding the $299,000.00 appraisal by Goodnight and the $42,500.00 appraisal of the property by Schwartz should be stricken, first, as not the best evidence of its contents. However, the Defendant mischaracterizes the way that the Plaintiff uses the evidence in question. Federal Rule of Evidence 1002 states that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required . . . ." But, the evidence of the appraisals is not being used to prove the *content* of the writings—it is merely being used to show Hemphill's *knowledge* of the contents. In other words, whether the appraisals were actually for the appraised prices (or whether the property was actually worth what the appraisers claimed) is immaterial—what matters at this time is Hemphill's belief that the appraisal was for the given amounts.

The Defendant's hearsay argument fails for similar reasons. "Hearsay is inadmissible in

summary judgment proceedings to the same extent that it is inadmissible at trial." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997)). Hearsay is "a statement other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id.* (citing Fed. R. Evid. 801(c)). The appraisals are not being introduced for the truth of the matter asserted—that the properties were worth a certain amount of money. Rather, they are offered to show Hemphill's knowledge of the appraisals.[2]

Finally, the Defendant argues that the appraisal evidence should be stricken because it constitutes specialized knowledge, and that HMBI has neither previously disclosed Goodnight or Schwartz as an expert witness nor provided relevant expert disclosures. Federal Rule of Civil Procedure 26(a)(2) states that

> a party must disclose to the other parties the identity of any witness it may use at trial to present [expert testimony] . . . . [T]his disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

This argument fails for the same reason as the first two. The quality or accuracy of the appraisal is not an issue in determining whether Hemphill had knowledge of the appraisals. In other words, it is irrelevant at this time whether the appraisers were properly qualified as experts. For these reasons, the Court will deny the Defendant's Rule 56 Motion to Strike.

**B.     Motion for Summary Judgment**

---

[2] The Court notes that the limiting of the disputed evidence to knowledge, as opposed to the truth asserted therein, has ramifications for the Defendant's damages argument. These consequences will be addressed in the Motion for Summary Judgment section of this Opinion and Order.

In its Motion for Summary Judgment, the Defendant argues that it is entitled to judgment as to the Plaintiff's breach of contract, fraud, and negligence claims. In its Response, the Plaintiff abandons its negligence claim against the Defendant. Accordingly, summary judgment will be granted as to the negligence claim. Regarding the breach of contract and fraud claims, the Defendant moves on six discrete grounds, and the Court will analyze each, in turn.

### 1. *Statute of Limitation*

The Defendant contends that the Plaintiff's claims are time-barred, as they were filed after the controlling two-year statute of limitation. It is not disputed by the parties that the events leading to this cause of action occurred more than two years, but less than six years, before the suit was filed. At issue is whether the two-year or the six-year statute of limitation should be applied to the Plaintiff's claims. Under Indiana law, the statute of limitation for claims of damage to personal property is two years from the date when the cause of action accrues. Ind. Code § 34-11-2-4(2). The statute of limitation for actions of fraud is six years and applies to both actual and constructive fraud claims. Ind. Code § 34-11-2-7(4).

The Defendant rightly notes that the applicable statute of limitation in a cause "is ascertained by identifying the nature or substance of the cause of action," rather than by mechanically applying the label that a plaintiff gives to its cause. *Shriner v. Sheehan*, 773 N.E.2d 833, 845–46 (Ind. Ct. App. 2002) (quoting *Whitehouse v. Quinn*, 477 N.E.2d 270, 274 (Ind. 1985)). In this case, the Defendant asserts that although the Plaintiff labels its claim a fraud claim, it is in fact a claim for damage to personal property and thus untimely. In support of this argument, the Plaintiff relies on *Lakeside v. DeMetz*, in which the two-year statute of limitation

was held to apply to a claim made against a real estate broker for failure to perform his duties. 621 N.E.2d 1149 (Ind. Ct. App. 1993). However, this case is distinguishable from *DeMetz*, in which the court held that the two-year statute applies when a plaintiff is pursuing a *negligence* claim against a real estate broker. *Id.* at 1151. In the instant case, HMBI is pursuing claims for fraud and breach of contract.

As Moke does not provide any authority or analysis to suggest that a fraud claim involving real estate should be treated differently under the law than any other fraud claim, the Court will not grant summary judgment on the basis of the Defendant's statute of limitation argument.

### 2. *Damages*

The Defendant next submits that summary judgment against HMBI is appropriate because HMBI has not shown a triable issue of fact on the issue of damages. Essentially, the Defendant's argument is that without the evidence of the appraisals (whose use the Plaintiff at this time limits to knowledge, as discussed in the Court's Motion to Strike analysis), the Plaintiff has no conceivable way to prove damages. In any action, the Plaintiff must come forward with evidence that would allow a damage award based on more than speculation or conjecture. *Wright v. St. Mary's Med. Ctr.*, 59 F. Supp. 2d 794, 800 (S.D. Ind. 1999). Indiana law requires that evidence supporting damages be "sufficient to allow the trier of fact to estimate the amount with a reasonable degree of certainty and exactness." *McGehee v. Elliott*, 849 N.E.2d 1180, 1189–90 (Ind. Ct. App. 2006).

The Court here notes that in its discussion of Moke's Motion to Strike, it found the

Plaintiff had limited the use of evidence regarding the appraisals performed by Goodnight and Schwartz to showing that Hemphill had knowledge of the appraisals, rather than for the truth or accuracy of the appraisals. As such, they will not be considered, for the purposes of this Section, as tending to prove damages.

In support of its theory, the Defendant relies on *Ray v. State Farm Mutual Automobile Insurance Company*, in which summary judgment was entered against the Plaintiff because she relied only on her own testimony as to how much her car had diminished in value after an accident. 2008 WL 474220 (S.D. Ind. Feb. 19, 2008). However, in this case, HMBI, even without the aforementioned appraisal evidence, is able to rely on more than its own testimony on damages. Most notably, HMBI will be able to rely upon the previous listing price of $250,000.00 for the property, which was discovered by Hemphill and testified to in her deposition. The Defendant has not disputed the admissibility of that evidence. Additionally, employees of HMBI will be able to offer testimony concerning the valuation of the property.

The Court finds persuasive the Defendant's arguments that the unusual nature of a sale of foreclosed property, as occurred in this case, makes usual avenues of valuation and appraisal less applicable. For example, the Defendant notes that standard valuation may fail to take into account the way an auction process can affect the price of a property, the specific qualities HUD looks for in a buyer, and the psychological impact on a potential buyer of purchasing a foreclosed home. However, the applicable legal standard does not demand "absolutely certain" damages calculations, only reasonably certain ones. The previous listing price as well as HMBI employee testimony may, in this case, provide a reasonable basis in the evidence to support a damage award. Thus, genuine issues of triable fact exist as to damages, and summary judgment

is not appropriate on this point.

### 3. *HMBI's Failure to Produce the Contract*

The Defendant next moves for summary judgment on the Plaintiff's breach of contract claim, arguing that since HMBI has not been able to produce a copy (or the original) of the disputed contract, it cannot show an issue of triable fact as to whether it was a third-party beneficiary to the contract between HMBI and Moke. Under Indiana law,

> [a] person or entity who is not a party to a contract may directly enforce that contract as a third party beneficiary if: "(1) the parties intend to benefit a third party; (2) the contract imposes a duty on one of the parties in favor of the third party; and (3) the performance of the terms of the contract renders a direct benefit to the third party."

*Midwestern Indem. Co. v. Sys. Builder, Inc.*, 801 N.E.2d 661, 670 (Ind. Ct. App. 2004) (quoting *Miller v. Partridge*, 734 N.E.2d 1061, 1064 (Ind. Ct. App. 2000)) .

The Defendant contends that, without the contract in hand, the Plaintiff will be unable to prove the first two parts of the test—that the contracting parties intended to benefit a third party, and that the contract imposed a duty on one of the parties in favor of HMBI. However, the Plaintiff has come forward with sufficient evidence to make the terms of the contract a matter of dispute. First, it is undisputed by the parties that a contract existed between Coldwell Banker Alliance and Moke as to the HUD property. Second, the Plaintiff has provided a copy of a contract between HMBI and Coldwell Banker Alliance, as well as testimony suggesting that the contract in question would have been similar to the one produced.

The effect of HMBI's inability to produce the contract on which it is litigating will be an issue for the trier of fact. Because Moke concedes the existence of a contract, the issue is not suitable for summary judgment on this point.

### 4.     *HMBI's Pleading of Fraud with Particularity*

The Defendant next argues that the Plaintiff's fraud claim does not comply with Rule 9(b) of the Federal Rules of Civil Procedure. The Court disagrees. Rule 9(b) states, in pertinent part that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to "ensure that a defendant is apprised of the fraud claimed in a manner sufficient to permit the framing of an adequate response pleading." *United Nat'l Records, Inc.*, *v. MCA, Inc.*, 609 F.Supp. 33, 38 (N.D. Ill. 1984). "A party who fails to raise a Rule 9(b) objection normally waives the requirement." *Id.* at 38–39 The time limitation for when a defendant must make a Rule 9(b) motion is analogous to Rule 12(h)(1), regarding defenses under Rules 12(b)(1) through (5). *Id.* at 39. Motions objecting to these rules must be made before a responsive pleading. Fed. R. Civ. P. 12(b).

Here, the Defendant waived its Rule 9(b) objection by filing an Answer to the Second Amended Complaint. Paragraph 24 of the Second Amended Complaint states, "Plaintiff has been damaged by the breach of contract, and fraudulent acts of Defendants Robin Hemphill, Debra Hemphill, and Moke Realty." The Defendant's Answer states: "Defendant denies the allegations contained in paragraph 24." The Defendant did not raise its Rule 9(b) objection in its first responsive pleading, and thus waived the objection. Additionally, the Defendant's denial of the fraud charge indicates that it had been pleaded sufficiently to permit the framing of an adequate response pleading. Thus, the Court finds the Defendant's argument that the Plaintiff plead its fraud claim with particularity under Rule 9(b) to be without merit, as the Defendant has already waived that ground.

**5.** *Fraud Claim on Its Merits*.

In the alternative, the Defendant argues that even were all of the facts construed most favorably to the Plaintiff, it has not made out a *prima facie* case of fraud under Indiana law. The Defendant submits that HMBI has failed to make out either a claim of "actual" or "material misrepresentation" fraud, constructive fraud, or fraudulent concealment under Indiana law. In order to establish a claim of actual fraud, a plaintiff must show: (1) that the defendant made a material misrepresentation regarding a past or existing fact, with knowledge or reckless ignorance of its falsity; (2) that the plaintiff detrimentally relied on the misrepresentation; and (3) that the misrepresentation proximately caused the plaintiff's damages. *See, e.g., Rice v. Strunk,* 670 N.E.2d 1280, 1289 (Ind. 1996); *Precision Homes of Ind., Inc., v. Pickford*, 844 N.E.2d 126, 131 (Ind. Ct. App. 2006). As the Defendant rightly notes, the Plaintiff has not met, nor has it attempted to meet, the legal standard for "actual" or "material misrepresentation" fraud.

However, in addition to material misrepresentations, the failure to disclose all material facts by one who has a legal duty to disclose also constitutes actionable fraud under Indiana law. *Colonial Penn Ins. Co. v.* Guzorek, 690 N.E.2d 664, 675 (Ind. 1997). *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004) (quoting *The First Bank of Whiting v. Schuyler*, 692 N.E.2d 1370, 1372 (Ind. Ct. App. 1998)).

Omissions of material fact may be actionable in Indiana under a theory of constructive fraud. To establish a claim of constructive fraud, a party must establish:

> (i) a duty owing by the [defendant] to the [plaintiff] due to their relationship; (ii) violation of that duty by the making of deceptive material misrepresentations of past or existing facts *or* remaining silent when a duty to speak exists; (iii) reliance thereon by the

> [plaintiff]; (iv) injury to the [plaintiff] as a proximate result
> thereof; and (v) the gaining of an advantage by the [defendant] at
> the expense of the [plaintiff].

*In re Scahill*, 767 N.E.2d 976, 979 (Ind. 2002) (per curiam) (citing *Rice v. Strunk*, 670 N.E.2d 1280 (Ind. 1996)). Similarly, material omissions can give rise to a fraudulent concealment claim. To support a fraudulent concealment claim under Indiana law, a plaintiff must establish: (1) a duty to disclose certain facts to the plaintiff; (2) a knowing failure to do so on behalf of the defendant; and (3) the plaintiff's justifiable reliance on such non-disclosure to its detriment. *DeVoe Chevrolet-Cadillac, Inc. v. Cartwright*, 526 N.E.2d 1237, 1240 (Ind. Ct. App. 1988); *see also Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992).

The facts in this case, construed in a light most favorable to HMBI, could support a finding of fraud on either the constructive fraud or the fraudulent concealment theories. The Defendant contends that both of these theories fail for one of two reasons: first, Moke satisfied the duty to inform HMBI about the uncertainty regarding the number of units to be sold; and second, there is no evidence that HMBI relied detrimentally on anything Moke did or failed to do.

A genuine issue of triable fact exists regarding whether the Defendant satisfied its duty to inform. Debra Hemphill's testimony avers that while she thought the property had been grossly undervalued by HMBI, she did not apprise HMBI that the property had been previously listed for $250,000—this despite knowing that HMBI did not have access to the database containing the previous listing prices. Additionally, Hemphill did not inform HMBI that the listed property taxes of $5,000.00 would have been very high, if the building was a one-unit property as HMBI apparently believed. In moving for summary judgment, the Defendant has highlighted

information that Moke *did* provide to HMBI, but the information it has omitted, which HMBI

has set forth in its response, supports a claim of fraud.

Regarding the detrimental reliance, the Defendant contends that HMBI responded to all

of Moke's queries as to the true nature of the property with assurances that it was a one-unit

property. In other words, "HMBI was determined to treat the property as a one-unit, regardless

of what questions were raised." (Moke's Mot. for Summ. J.18). However, this argument requires

the Court to unreasonably presume that HMBI would have preferred to receive $70,000.00 for

the property, if it knew that it could have received a price in the neighborhood of the

$250,000.00 for which the property had previously been listed. In other words, the very fact that

the sale price was so much lower than previous listing prices for the property creates an issue of

triable fact as to detrimental reliance. As such, the Court will not grant summary judgment on

this issue.


### 6.    *Course and Scope of Debra Hemphill's Employment*

Finally, the Defendant moves for summary judgment on the ground that Debra Hemphill

was not acting in the course and scope of her employment, but was an independent contractor,

and that as a consequence it cannot be held liable for her actions under the principle of

respondeat superior. The Defendant's argument relies on the general rule that a principal is not

liable for the tort of an independent contractor. *Moberly v. Day*, 757 N.E.2d 1007, 1009 (Ind.

2001). However, the threshold question of whether someone is an employee or independent

contractor is generally a question for the trier of fact. *Becker v. Kreilein*, 770 N.E.2d 315, 318

(Ind. 2002). The question may become one of law if the significant underlying facts are

undisputed. *Id.* In determining whether the question is one of law or fact (and whether the person

is an employee or an independent contractor), *Moberly* established a ten-part test:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a direct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

In this case, the record is incomplete as to most of these factors. For example, there is no

evidence in the record that would suggest the common practice of real estate agents in the

locality, or whether the parties believed the parties were creating the relation of master and

service. The evidence that *is* in the record shows that significant underlying facts are disputed.

Although the Defendant asks the Court to find that Hemphill was a mere "secretarial employee,"

Hemphill's own testimony presents evidence to the contrary. Hemphill is a licensed real estate

broker who is paid by Moke. On behalf of Moke, she would research property, contact the

county assessor's office for additional information, and pull up prior listings for a property. She

performed all of these functions on behalf of Moke as to the property in question. This evidence

goes to show that she was performing work as part of the regular business of the employer, and

that the master exercised great control over her work. Simply put, there is too much factual

disagreement between the parties on this issue for the court to deem it a matter of law. There is,

thus, is a genuine issue of triable fact as to the employment status of Debra Hemphill, and summary judgment will not be granted on this point.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Defendant's Motion for Summary Judgment [DE 104]. The Motion is granted as to the Plaintiff's negligence claim, but denied as to the fraud and breach of contract claims. The Defendant's Rule 56 Motion to Strike [DE 115] is also DENIED.

SO ORDERED on October 19, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
